IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Cleon Edward Major, | Case No. 8:17-cv-2355-MGL-JDA |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** <br> **OF MAGISTRATE JUDGE** |
| Gio Ramirez, Warden, | |
| Respondent. | |

This matter is before the Court for review following Petitioner's notice of change of address. [Doc. 18]. Petitioner, proceeding pro se, is a federal prisoner seeking relief under 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned magistrate judge is authorized to review the instant habeas Petition and to submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on August 14, 2017.[1] [Doc. 1.] At the time he filed the Petition, Petitioner was incarcerated at the Williamsburg Federal Correctional Institution in Salters, South Carolina ("FCI Williamsburg"). [Doc. 1 at 1.] On December 1, 2017, Respondent moved to dismiss the Petition or, alternatively, for summary judgment. [Doc. 12.] On January 2, 2018, Petitioner filed a response in opposition to Respondent's motion. [Doc. 16.] On January 29, 2018, Petitioner's notice of change of address was entered on the docket. [Doc. 18.] In the notice, Petitioner

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Accordingly, this action was filed on August 14, 2017. [Doc. 1-2 at 2 (envelope containing notation: "mailed on 14th Aug. 2017").]

notified the Court that he had been transferred to the federal correctional institution in Coleman, Florida ("FCI Coleman Low"). [*Id.*]

District courts are authorized to grant writs of habeas corpus "within their respective jurisdictions," 28 U.S.C. § 2241(a), and such writs "shall be directed to the person having custody of the person detained," 28 U.S.C. § 2243. Therefore, in a traditional prisoner habeas action, "there is generally only one proper respondent"—the "person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge." *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (emphasis in original). Similarly, because "the court issuing the writ [must] have jurisdiction over the custodian," generally in "habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 442–43 (citation omitted). As this Court noted in *Plaskett v. Cruz*, 282 F. Supp. 3d 912, 915 (D.S.C. 2017),

> Ascertaining the proper respondent is critical because "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494–95 (1973). "The whole force of the writ is spent upon the respondent." *Id.* at 495 (citation omitted) (internal quotation marks omitted). . . . "District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld*, 542 U.S. at 442 (quoting 28 U.S.C. § 2241(a)). The Supreme Court has "interpreted this language to require 'nothing more than that the court issuing the writ have jurisdiction over the custodian.'" *Id.* (quoting *Braden*, 410 U.S. at 495). "[T]he custodian's absence from the territorial jurisdiction of the district court is fatal to habeas jurisdiction." *Id.* at 445. Consequently, the Court has jurisdiction over Petitioner's § 2241 habeas petition only if it has jurisdiction over Petitioner's custodian.

*Plaskett*, 282 F. Supp. 3d at 914–15.

Here, the Petitioner's current custodian is located in Florida. Thus, the undersigned, constrained to apply the law as explained in *Plaskett*, finds that the Court lacks jurisdiction over this matter.[2] *See Plaskett*, 282 F. Supp. 3d at 915 (holding that after a petitioner's release from federal custody in South Carolina, his supervised release agent was the proper respondent in a § 2241 petition, and because the agent was in the Virgin Islands, the court lacked habeas jurisdiction to entertain the petition); *see also Smith v. Owen*, No. 0:09-cv-2310-JFA-PJG, 2011 WL 743212 (D.S.C. Feb. 24, 2011) (transferring a § 2241 petition and holding that the court was divested of jurisdiction over the petition after the petitioner was transferred out of the district).

Because the Court lacks jurisdiction, it must now determine whether to dismiss this action or to transfer the case to an appropriate jurisdiction. The Court may, in the interests of justice, transfer the case to the appropriate court. *See Feller v. Brock*, 802 F.2d 722,

---

[2] The undersigned notes that other decisions in the District of South Carolina have reached a different conclusion on the issue of whether the Court retains jurisdiction over a habeas corpus petition after a prisoner is transferred out of the district. *See, e.g., Warren v. United States*, No. 3:10-cv-1245-MBS-JRM, 2011 WL 4435655 (D.S.C. Sept. 23, 2011) (holding that once a district court acquires jurisdiction over a petition, a transfer of the prisoner to a prison in a different district does not deprive the court of jurisdiction to consider the merits of the petition); *Singletary v. Owens*, No. 4:10-cv-2432-MBS, 2012 WL 1106934, at *1 (D.S.C. Apr. 2, 2012) (explaining that because the petitioner was incarcerated in South Carolina at the time he filed the petition, his subsequent transfer to North Carolina did not deprive the court of jurisdiction under 28 U.S.C. § 2241); *Lytle v. Warden, FCI-Bennettsville*, No. 5:16-cv-02277-TMC-KDW, 2017 WL 5176362, at *8 n.1 (D.S.C. Oct. 10, 2017) ("Once [the] district court acquires jurisdiction over the petition, a transfer of the prisoner to a prison in a different district does not deprive the court where the petition was filed of jurisdiction to consider the merits of the petition."), *Report and Recommendation adopted by* 2017 WL 5164096 (D.S.C. Nov. 7, 2017); *Soliz v. Drew*, No. 8:11-cv-00562-MBS, 2012 WL 1825237, at *6 (D.S.C. Apr. 16, 2012) ("[T]he Court acquired jurisdiction over the Petition when it was filed and retains jurisdiction over the Petition even though Petitioner was subsequently transferred to a facility outside the District of South Carolina."), *Report and Recommendation adopted by* No. 8:11-cv-0562-MBS, 2012 WL 1825239 (D.S.C. May 18, 2012).

729, n.7 (4th Cir. 1986) ("Although a motion by one of the parties is ordinarily required for transfer, the district court may consider the possibility of transfer sua sponte.") (citing 15 C. Wright, A. Miller, E. Cooper, *Federal Practice and Procedure* § 3844 at 329–30 (1986)). Here, Petitioner was relocated to a prison in a different state after filing his habeas petition and after the Respondent filed the motion to dismiss or, in the alternative, for summary judgment. Thus, dismissing this case would be a harsh measure and the undersigned finds that transfer, rather than dismissal, would serve the interests of justice and would not prejudice either party.

Wherefore, based upon the foregoing, the Court recommends that this case be transferred to the Middle District of Florida for further proceedings.

**IT IS SO RECOMMENDED**.

s/Jacquelyn D. Austin
United States Magistrate Judge

May 9, 2018
Greenville, South Carolina